FILED
2017 Sep-28 PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRACIE HALL,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **WIREGRASS HOSPICE, LLC, KINDRED HOSPICE SERVICES, LLC.,** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

## I. INTRODUCTION

1. Plaintiff, Tracie Hall, ("Plaintiff") asserts federal claims of race discrimination and retaliation, in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and 42 U.S.C. Section 1981and 42 U.S.C. Section 1981a. Plaintiff further brings this action pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"),

38 U.S.C. § 4301, et seq.[1]

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202 and 38 U.S.C. § 4323(b).Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her initial charge of discrimination on March 21st, 2017, which was within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on August 11th, 2017.

## III. PARTIES

4. Plaintiff is over (19) years old, is a citizen of the United States, is a resident of the State of Alabama and was employed in the State of Alabama by Defendant. Plaintiff is an employee as defined under Title VII, Section 1981 and 38 U.S.C.

---

[1]"Congress enacted USERRA 'to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service' and 'to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers.'"(quoting 38 U.S.C. § 4301(a)(1), (a)(2)).

§ 4303(3).

5. Defendant, Wiregrass Hospice, LLC, is a an entity subject to suit under Title VII and employs at least fifteen (15) persons. Defendant is an entity subject to suit under USERRA as defined under 38 U.S.C. § 4303(4).

6. Defendant, Kindred Hospice Services, LLC. is a an entity subject to suit under Title VII and employs at least fifteen (15) persons. Defendant is an entity subject to suit under USERRA as defined under 38 U.S.C. § 4303(4).

7. Defendants, Wiregrass Hospice and Kindred Hospice Services, LLC., are hereinafter jointly referred to as "Defendant."

## III. FACTUAL ALLEGATIONS

8. Plaintiff is a woman who is a Captain in the United States Air Force Reserve. She is also a Registered Nurse.

9. Plaintiff began working for Defendant on September 14, 2014 as an RN Case Manager.

10. When Plaintiff started working for Defendant she was responsible for providing case management services for hospice patients, who were seen in their homes.

11. Plaintiff eventually transferred to an On-Call Registered Nurse position, where she provided support for patients in their homes.

12. Throughout her employment with Defendant, Plaintiff has performed her job

well.

13. When Defendant hired Plaintiff, Defendant paid Plaintiff a lower rate of pay than similarly situated white co-workers. Specifically, Plaintiff was paid $26.00 an hour while her equally qualified white co-worker was paid $28.00 an hour.

14. Plaintiff complained about her wage rate, and Defendant eventually corrected Plaintiff's pay around the summer of 2016, but Defendant did not pay plaintiff any backpay.

15. On January 13, 2017, Plaintiff received a written disciplinary action for a misconduct that was committed by a white co-worker who was not disciplined.

16. Plaintiff's white co-workers have committed multiple infractions and were not similarly disciplined.

17. Plaintiff complained to Defendant about being treated less favorably than her white co-workers.

18. After Plaintiff complained of discrimination, Defendant began requiring her to use her vacation days while attending monthly drills for the Air Force Reserve. Prior to her complaint, Plaintiff was allowed to take leave without pay.

19. Plaintiff filed an EEOC Charge against Defendant on March 21, 2017 for Defendant's discriminatory and retaliatory treatment of her.

20. On or around March 23, 2017, Defendant received notice of Plaintiff's EEOC Charge.

21. Around May 10, 2017, Plaintiff's supervisor, Executive Director Dana Handshaw, went to one of the homes where Plaintiff was assigned to care for a patient.

22. That patient happened to be the only white patient Plaintiff was servicing at the time, as the other patients Plaintiff cared for were all African-American.

23. When Director Handshaw visited the patient's home, Director Handshaw tried to convince the patient's daughter to falsely say that Plaintiff had been verbally abusive towards her mother, but the patient's daughter told Director Handshaw that what she wanted her to say about Plaintiff were lies and she refused Handshaw's request to make a false complaint on Plaintiff.

24. Had the patient's daughter complained that Plaintiff had verbally abused her mother as Handshaw tried to convince her to do, it would have caused substantial harm to Plaintiff's career as a nurse even if that complaint was baseless.

25. After Defendant received Plaintiff's EEOC Charge, Director Handshaw also removed daytime patients from Plaintiff's caseload which reduced her pay.

26. Plaintiff complained to Handshaw's supervisor, Josh Dunnington, about

Handshaw's retaliatory action, but Dunnington defended Handshaw's retaliatory behavior.

27. Plaintiff continues working for Defendant but remains concerned that Director Handshaw will take further retaliatory action against her that would jeopardize her career, including trying to persuade other patients to make false abuse reports against her.

28. Defendant engaged in the misconduct alleged herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

29. Defendant's articulated reason for its discriminatory treatment of Plaintiff is false and/or a pretext for discrimination. And, in the alternative, even if Defendant had legitimate reasons for the above stated actions it took towards Plaintiff, race discrimination remained at least a motivating factor in its decision.

## IV. CAUSES OF ACTION

### A. COUNT I — RACIAL DISCRIMINATION

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail herein below.

31. During the course of Plaintiff's employment, Defendant discriminated against Plaintiff taking adverse employment actions against her as described in the

above listed facts, including paying her less than white employees, falsely disciplining her and trying to get patients to file false reports against her, which constitute adverse employment actions.

32. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions it took towards her, race was at least a motivating factor in the adverse employment actions Defendant took against her.

33. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

34. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

35. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**B. COUNT II – RETALIATION IN VIOLATION FO TITLE VII AND SECTION 1981**

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 above with the same force and effect as if fully set out in specific detail herein below.

37. Plaintiff opposed discrimination and engaged in protected activity by

complaining of discrimination internally and filing an EEOC Charge against Defendant.

38. After Plaintiff complained of discrimination internally Defendant retaliated against her in the manner described in the facts of this complaint, including making her use vacation days to take drill duty.

39. After Defendant received Plaintiff's EEOC Charge, Defendant retaliated against Plaintiff by removing the daytime patients from her caseload which reduced her pay and by attempting to convince the daughter of a patient to make a career damaging false complaint against Plaintiff.

40. There is a causal relationship between Plaintiff's opposition to discrimination and engagement in protected activity and the materially adverse employment actions taken against her by Defendant company shortly after she complained of discrimination and filed an EEOC Charge.

41. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

42. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

43. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court

**C. COUNT III – 38 U.S.C. § 4311(a) - Intentional Discrimination Against Plaintiff Because of her Performance of Service in the United States Army**

44. Plaintiff re-alleges and incorporates by reference paragraphs 1-43 above with the same force and effect as if fully set out in specific detail herein below.

45. Plaintiff was a member of the uniformed services who also held civilian employment with Defendant.

46. Defendant discriminated against Plaintiff for her performance of service in the Army Reserve.

47. Plaintiff's obligation to perform service in a uniformed service was a substantial or motivating factor in the Defendant's discriminatory treatment of Plaintiff.

48. Defendant unlawfully and willfully discriminated against plaintiff in employment on the basis of plaintiff's obligation to perform service in a uniformed service in violation of 38 U.S.C. § 4311(a).

49. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this USERRA cause of action for backpay, injunctive relief, liquidated damages and attorney fees is her only means of securing adequate relief.

## VI. DAMAGES

50. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. Prayer for Relief

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*

2. Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*

3. Enter an Order requiring the defendant to make Plaintiff whole by awarding her reinstatement, front pay, lost wages (plus interest), compensatory and punitive damages, liquidated damages, post judgment interest, loss of benefits including

retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES**:
**WIREGRASS HOSPICE, LLC.**
c/o CT Corporation System
2 North Jackson Street Suite 605
Montgomery, AL 36104

**KINDRED HOSPICE SERVICES, LLC.**
c/o CT Corporation System
2 North Jackson Street Suite 605
Montgomery, AL 36104